IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTHUR HOPPER,                                              No. 6:13-cv-01525-HZ

            Plaintiff,                                      OPINION & ORDER

    v.

CAROLYN COLVIN,
Commissioner of Social Security,

            Defendant.

Rory Linerud
LINERUD LAW FIRM
PO Box 1105
Salem, OR 97308

       Attorney for Plaintiff

S. Amanda Marshall
United States Attorney, District of Oregon
Ronald K. Silver
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 SW Third Avenue, Suite 600
Portland, OR 97204


1 - ORDER

Lars J. Nelson
Special Assistant United States Attorney
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Arthur Hopper's counsel seeks an award of $8,715.07 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and costs in the amount of $25.24. Defendant opposes the fee request, arguing that the government's position was substantially justified and the requested fees are unreasonable. The Court grants the application for fees and costs, subject to adjustment to reflect the correct CPI-U rate.

## BACKGROUND

Plaintiff brought this action seeking review of the Commissioner's final decision to deny him disability insurance benefits. Plaintiff argued that the ALJ's decision was not supported by substantial evidence in the record. Plaintiff contended that the ALJ erred in three ways: (1) that she determined his residual functional capacity without substantial evidence to support the included limitations; (2) that she posed an incomplete and ambiguous hypothetical to the Vocational Expert (VE); and (3) that she relied on testimony from the VE that contradicted the Dictionary of Occupational Titles (DOT) without soliciting an explanation for that contradiction from the VE.

In a November 14, 2014, Opinion & Order, this Court reversed the Commissioner's decision because the ALJ erred by relying on the VE's testimony and, therefore, did not meet the burden of proof to demonstrate that there are jobs available in sufficient numbers that Plaintiff

can perform. The case was remanded for additional proceedings related to the issue of obtaining VE testimony that is not in conflict with the DOT. Judgment was entered on November 18, 2014.

## STANDARDS

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez–Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, there is no dispute that Plaintiff was the prevailing party.

## DISCUSSION

Defendant argues that the government's position was substantially justified and the requested attorney's fees are unreasonable. The Court disagrees, except to correct the CPI-U rate used to calculate the proper award.

### I.    Substantial Justification

The burden is on the Commissioner to show that her position was substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n. 2 (9th Cir. 2010). Although Congress did not intend fee shifting under EAJA to be mandatory, "EAJA creates a presumption that fees will be awarded to prevailing parties." Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). To establish that its position was substantially justified, the government must show that the underlying decision by the ALJ had "a reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Renee v. Duncan, 686 F.3d 1002, 1017 (9th Cir. 2012).

3 - ORDER

The Commissioner argues that her position was substantially justified in both law and fact. The Commissioner contends that there was no conflict between the DOT and the VE's testimony and that the Commissioner did not engage in impermissible *post hoc* rationalization. The Court already addressed these arguments in the November 14, 2014, Opinion & Order [16].

The Social Security Administration has issued Social Security Ruling ("SSR") 00–4p, which provides a policy interpretation as to the agency's use of expert and vocational specialist evidence. Social Security Ruling 00–4p provides the following guidance, in relevant part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or the VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or the VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

Soc. Sec. Ruling (SSR) 00-4p, available at 2000 WL 1898704.

Here, the VE testified that Plaintiff could perform the functions of Assembler, Small Products I and Electronics Assembler, despite the ALJ's instructions that Plaintiff could never be exposed to hazards such as moving equipment that can cause crushing or cutting injuries. The VE's testimony conflicted with the DOT descriptions of those jobs. While the VE, as an expert, is entitled to provide testimony that differs from the DOT, the ALJ is required to consider whether the VE may be credited over the DOT.

As stated in SSR 00–4p, when there is such a conflict, neither the DOT nor the VE automatically "trumps." SSR–00–4p, at *2. Rather, it is up to the adjudicator to resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for

4 - ORDER

relying on the VE testimony rather than the DOT information. The ALJ cannot resolve the conflict if the VE provides no basis as to why the VE's testimony conflicts with the DOT. See Massachi v. Astrue, 486 F.3d 1149, 1154 n. 19 (9th Cir. 2007).

Here, as explained in the Court's underlying decision on this matter, the VE offered no explanation why Plaintiff could perform the jobs the VE identified. The ALJ's failure to elicit a reasonable explanation from the VE for the apparent conflict was error. Because the ALJ failed to follow established law, this Court cannot conclude that the Commissioner's position defending that decision was substantially justified. Accordingly, Plaintiff is entitled to fees and costs pursuant to EAJA.

## II.     Reasonableness of Fees

Defendant opposes the amount of the fee request for two reasons: (1) Plaintiff only prevailed on one of the three[1] issues he raised in objection to the ALJ's decision; and (2) Plaintiff's attorney uses the wrong rate in calculating the fees owed. Defendant does not oppose the requested $25.24 in expenses from mailing costs.[2]

An award of attorney's fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The district court possesses "considerable discretion" in determining the reasonableness of a fee award. Webb v. Ada Cnty., 195 F.3d 524, 527 (9th Cir. 1999); see also, Keyser v. Astrue, No. 01:08–cv–01268–CL, 2012 WL 78461, at *3 (D. Or. Jan. 10, 2012) (district court exercises

---

[1] Defendant asserts that Plaintiff "raised six issues and only prevailed on one." Def.'s Resp. 11. However, Plaintiff only raised, and this Court only considered, three issues. See Pl.'s Br. [14]; Opinion & Order, Nov. 14, 2014 [16].

[2] These costs are reasonable and properly awarded under EAJA. 28 U.S.C. § 2412(a)(1) (EAJA allows prevailing party to recover costs as enumerated in 28 U.S.C. § 1920); 28 U.S.C. §§ 2412(b), 2412(d)(1)(A) (EAJA entitles prevailing party to other "expenses" in addition to the costs allowed under subsection (a)(1)); Int'l Woodworkers Of Am. v. Donovan, 792 F.2d 762, 767 (9th Cir. 1985) (upholding EAJA award including costs for telephone calls, postage, air courier, and attorney travel expenses); League of Wilderness Defenders–Blue Mountains Biodiversity Project v. Smith, 491 F.Supp.2d 980, 989 (D. Or. 2007) (EAJA award included filing fee, travel expenses, and postage).

discretion in awarding fees under EAJA). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397–98 (citation omitted). Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433–34.

Defendant asks this Court to divide Plaintiff's requested attorney's fees on the basis of "numerous discrete issues" and arguments raised by Plaintiff. In other words, the fee award should reflect the fact that Plaintiff raised three objections to the ALJ's decision but only prevailed on one in this Court. This request by Defendant would be contrary to courts' general reluctance to consider these matters in piece-meal fashion and is not supported by Supreme Court precedent. See Comm'r, INS v. Jean, 496 U.S. 154, 161–62 (1990) ("While the parties' posture on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as . . . line-items").

However, as Defendant notes, the Supreme Court has noted that a fee award may be reduced when a plaintiff does not achieve "excellent results" and has failed to prevail on a claim or claims that are distinct in all respects from his successful claims. See Hensley, 461 at 435, 440. The cases Defendant cites are instructive. A plaintiff obtained "excellent results" when the court did not "rule against plaintiff's interest in any way that limits plaintiff's ability to obtain a

6 - ORDER

finding of disability following remand" and the plaintiff would "obtain review of all of the issues that were originally decided against plaintiff by the ALJ in the written decision reviewed by this Court." McCune v. Astrue, No. 10-CV-5074-RJB-JRC, 2011 WL 3664889, at *3 (W.D. Wash. July 21, 2011) report and recommendation adopted, No. 10-CV-05074 RJB, 2011 WL 3664996 (W.D. Wash. Aug. 19, 2011). The court did, however, reduce the attorney's fee award to account for an appendix which was not filed with the required approval of the court and which was found not to have provided much assistance to the court. Id. at *5-6.

In a case from this district, Judge Marsh reduced a plaintiff's attorney's fees where four out of the eight arguments raised by Plaintiff's counsel were frivolous and would not have been raised by a reasonable attorney. Elstun v. Comm'r Soc. Sec. Admin., No. 6:12-CV-01811-MA, 2014 WL 667587, at *3 (D. Or. Feb. 20, 2014). Out of the remaining four arguments, none of them were unusually complex and the plaintiff only prevailed on one. Id.

In another case from this district, Chief Judge Aiken denied a plaintiff's motion for attorney fees. Nordland v. Colvin, No. 2:12-CV-01985-AA, 2014 WL 1030419, at *5 (D. Or. Mar. 17, 2014). In Nordland, the court reversed and remanded the ALJ's decision for a reason not raised by the plaintiff to the ALJ, Appeals Council, or District Court. Therefore, all of the plaintiff's attorney's fees arose from unrelated claims on which plaintiff did not prevail. Id. at * 6 ("Essentially, plaintiff's counsel did nothing to achieve the result obtained, beyond initially filing an appeal in this Court.").

These cases are all distinguishable from the present one. There is no allegation here, and the Court does not find, that any of Plaintiff's three arguments were frivolous or that Plaintiff's attorney's submissions to the Court were excessive or unnecessary. The issue upon which this Court reversed the ALJ's decision was raised and fully briefed by Plaintiff's attorney. The

Court's decision did not rule against Plaintiff in any way that limits Plaintiff's ability to obtain a finding of disability upon remand. The Court declines to reduce Plaintiff's attorney's fees simply because Plaintiff did not prevail on every issue raised.

Finally, Defendant objects to the rates used by Plaintiff's attorney to calculate the fees owed. Plaintiff's attorney used the monthly average consumer price index [CPI-U] and, therefore, bases the fee request on various CPI-U amounts, depending on which month in the year the hours were worked. Defendant argues that Plaintiff's award should be limited to the amount owed using the annual average CPI-U. Plaintiff does not respond to this portion of Defendant's argument.

While the Court does not find a binding case directly on point, the Ninth Circuit's decision in Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001) is instructive. In Sorenson, the Ninth Circuit laid out the formula to determine the hourly enhancement due to an increase in the cost-of-living. 239 F.3d at 1149. The Ninth Circuit instructed the district court on remand to "calculate the cost-of-living adjustment *according to the CPI-U for the year in which the fees were earned.*" Id. (emphasis added).

A case from the District Court of the Southern District of California applied Sorenson to a case factually similar to this one. Jawad v. Barnhart, 370 F. Supp. 2d 1077, 1090 (S.D. Cal. 2005). In Jawad, the plaintiff's attorney billed 45.5 hours during 2004 in four separate months. The court explained:

> To calculate the hourly rate separately for each month [plaintiff's attorney] billed in 2004, the Court would have to run the formula four different times to account for the varying monthly CPI-U figures. The Court finds this approach unnecessarily burdensome in calculating the applicable cost-of-living adjustment. When an attorney has billed hours in multiple months spread out over the span of a single year, and the annual CPI-U for that year is available, it is more practical to simply run the formula once applying the annual CPI-U for all the hours billed in that year. Indeed, the Ninth Circuit only requires

that this Court "calculate the cost-of-living adjustment according to the CPI-U *for the year* in which the fees were earned." Sorenson, 239 F.3d at 1149 (emphasis added).

Jawad v. Barnhart, 370 F. Supp. 2d 1077, 1090 (S.D. Cal. 2005). Similarly, a case from the District Court of Maine concluded that using a different CPI number for each month in which hours were billed would "become a needlessly complicated exercise." Quint v. Barnhart, No. 05-135-B-W, 2006 WL 1495004, at *3 (D. Me. May 25, 2006) report and recommendation adopted, No. CIV.05-135-B-W, 2006 WL 1663850 (D. Me. June 13, 2006). The court instead adopted the approach from the Jawad court and used an annualized figure to calculate the attorney's fees. Id.

This Court adopts the Jawad and Quint courts' applications of Sorenson, and finds that Plaintiff's attorney is entitled to fees using the CPI-U EAJA maximum rates for each year in which fees are claimed. Pursuant to EAJA, 28 U.S.C. § 2412 (d)(2)(A), Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rate under EAJA for 2013[3], adjusted for increases in the cost of living, is $187.02; the rate for 2014 is $190.06. See U.S. Courts for the Ninth Circuit, Statutory Maximum Rates under the Equal Access to Justice Act, available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff should be compensated accordingly.

Plaintiff's attorney claims 2.85 hours worked in 2013, for which he should be compensated $533.01. Plaintiff's attorney claims 42.65 hours worked in 2014 and 2015, for which he should be compensated $8,106.06. Plaintiff's attorney should also be compensated for

---

[3] Plaintiff also submits a request for fees earned in 2015. The Ninth Circuit has not yet posted a statutory maximum rate for 2015. Therefore, the 2014 rate applies. See U.S. Courts for the Ninth Circuit, Statutory Maximum Rates under the Equal Access to Justice Act, available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 ("If no rate is posted for the period in which your work was performed, please use the rate that is posted for the previous period.").

$25.24 in costs. Therefore, the total award is $8,664.31 (the sum of $533.01 + $8,106.06 + $25.24).[4]

## CONCLUSION

Plaintiff's Amended Application for EAJA Fees [23] is GRANTED, subject to the Court's adjustment of the CPI-U rates. Plaintiff is awarded attorney's fees and costs in the amount of $8,664.31

IT IS SO ORDERED.

Dated this \_\_30\_\_ day of \_\_April\_\_, 2015

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[4] The Court notes that Plaintiff does not itemize the 4.75 hours he claimed he worked in 2013 and early 2014. Because Defendant does not challenge the lack of itemization of these hours, the Court includes them in the fee award. However, the Court warns Plaintiff's attorney that, in the future, all requested hours must include an itemized list of the work performed.

10 - ORDER